[No. G025423. Fourth Dist., Div. Three. Feb. 29, 2000.]

In re ANTONIO R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO R., Defendant and Appellant.

938

**COUNSEL**

Susan K. Keiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Carl H. Horst and Larissa Karpovics Hendren, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CROSBY, Acting P. J.**—Antonio R. appeals from a juvenile court probation order that requires him to stay out of Los Angeles County unless accompanied by a parent or with prior permission from the probation officer. We affirm.

I

Antonio absconded from Orange County juvenile probation supervision on his 17th birthday, January 18, 1999, four days after his release from a county program.[1] In Los Angeles in early March, he burgled a car. He claimed to be living with a pregnant girlfriend in Lennox or Inglewood and working as a gardener. The minor admitted membership in the Lennox 13 gang for many years with the name "Lil Boy," and conceded he had been "kicking back" with gang members while AWOL.[2] He regularly drank and smoked marijuana.

A juvenile court report from Los Angeles detailed Antonio's lengthy arrest history. It described his "overall conduct under supervision" as poor: "Minor has changed his place of residence without informing the probation department. Minor has stopped going to school without informing the probation officer. [He] has been involved in criminal behavior in both Los Angeles and Orange County. . . . [¶] . . . [He] has an extensive criminal history . . . . [T]he current plan involving minor being home after camp graduation is not working."

Addressing the condition that Antonio not be allowed to travel to Los Angeles County without a parent or the permission of the probation officer, defense counsel questioned whether the proviso was overbroad. The court said this: "Gee I don't know. . . . I would really hope that since the last time he went to L.A. County he committed a felony, that you would be really happy that he didn't go . . . where the gang is, that he stay here where his mother wants him to be; but obviously that's hoping against hope. So if it is overbroad you know what to do. And that's certainly something that . . . [the Court of Appeal] can deal with. [¶] See, just to add one part of that, I think that at his age—this is just my thinking, you know—and I would think

---

[1] Los Angeles County authorities had filed six juvenile court petitions involving the minor since 1997. Sustained allegations included drug possession and vandalism. The minor's case was transferred to Orange County, his legal residence, in August 1997. On January 11, 1999, the court sustained a petition alleging auto taking (Veh. Code, § 10851) and Antonio was released three days later having served 17 days of a 90-day commitment.

[2] We realize Antonio is now 18 years old, but use the word "minor" here in an historical context.

that if you were a mother and this were your child and the mother didn't want him to go to L.A. County, right, that that ought to be what's going to control; and so I'm backing her up." Antonio's mom, who was in court, agreed: "I don't let him go over there. I keep telling him."[3]

## II

■ The minor argues the condition was impermissibly overbroad.[4] He claims the condition did not directly relate to past or future criminal conduct. He also asserts the condition impinges on his constitutional rights to travel and freely associate, and was not narrowly tailored to address the state's compelling interest in his reformation.

· Welfare and Institutions Code section 730 grants courts broad discretion in establishing conditions of probation in juvenile cases. The court may impose "any . . . reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (*Id.*, subd. (b).)

■ In an adult probation setting, "[a] condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid." (*People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290]; accord, *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

■ The minor relies on several cases where an *adult* probation condition was considered overbroad, unreasonable, or unconstitutional. (*In re White* (1979) 97 Cal.App.3d 141 [158 Cal.Rptr. 562] [defendant found guilty of soliciting an act of prostitution was granted probation on condition she not go into certain high-prostitution areas of the City of Fresno; court held factual nexus between the proscribed activity and future criminality was tenuous and the condition interfered with her right to intrastate travel];[5] *People v. Beach* (1983) 147 Cal.App.3d 612 [195 Cal.Rptr. 381] [an elderly

---

[3]The court imposed many other conditions (including standard gang terms) that prevented Antonio from associating with known gang members or being in any known gang gathering area.

[4]Because the Attorney General does not argue the point, we will assume defense counsel's query "I was just asking . . . if the order was not overbroad in barring him," and her statement that she "just wanted to get clarification," preserved the issue for appeal. (*People v. Welch* (1993) 5 Cal.4th 228 [19 Cal.Rptr.2d 520, 851 P.2d 802].)

[5]*In re White, supra,* noted, "No case has been called to our attention upholding such a broad condition which completely prohibits mere presence in a geographical area *at all times* as

widow convicted of involuntary manslaughter was placed on probation on condition that she relocate from the community where she had resided in her own home for 24 years; appellate court struck the condition as unreasonably broad, not sufficiently related to future criminality, and violative of constitutional rights]; *People v. Bauer* (1989) 211 Cal.App.3d 937 [260 Cal.Rptr. 62] [26-year-old defendant convicted of false imprisonment and assault granted probation on condition his residence be approved by the probation officer, effectively banishing him from living with or near his parents; condition invalid because nothing in the record suggested his home life contributed to the crime of which he was convicted or was reasonably related to future criminality].)

However, as explained in *In re Frank V.* (1991) 233 Cal.App.3d 1232 [285 Cal.Rptr. 16], juvenile conditions may be broader than those pertaining to adult offenders. This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may "curtail a child's exercise of the constitutional rights . . . [because a] parent's own constitutionally protected 'liberty' includes the right to 'bring up children' [citation,] and to 'direct the upbringing and education of children.' [Citation.]" (*Id.* at p. 1243; *In re Roger S.* (1977) 19 Cal.3d 921, 928 [141 Cal.Rptr. 298, 569 P.2d 1286].)

In *In re Pedro Q.* (1989) 209 Cal.App.3d 1368 [257 Cal.Rptr. 821], although the issue addressed was whether a probation officer may unilaterally impose a new condition restricting travel to a particular locale (he or she may not), a panel of this division noted: "[C]onditions infringing on constitutional rights are not automatically invalid [citation]; indeed, they will pass muster if tailored to fit the individual probationer. [Citation.] For example, *while a travel restriction may be proper for a minor who lives outside the gang's territory*, it may be overbroad for one who lives, works or goes to school within the area. But the court alone is empowered to determine the propriety of the proposed conditions and their applicability to the individual offender." (*Id.* at p. 1373, italics added; cf. *In re Babak S.* (1993) 18 Cal.App.4th 1077 [22 Cal.Rptr.2d 893] [no reasonable basis for sustaining a condition requiring a minor to absent himself from the country of his residence].)

Antonio has been involved in extensive and recent criminal conduct in Los Angeles County. (See fn. 1, *ante.*) His gang holds court in at least a

contrasted with the prohibition of entry into selected and particularized places (such as bars, pool rooms and the like) with reasonable restrictions as to time." (97 Cal.App.3d at p. 150.)

portion of that county, and it is readily inferable that his criminal behavior is related to his associations. His parents and residence are in Orange County, which distinguishes this case from those cited above where the probationers were effectively banished from their homes. Also, from an administrative standpoint, the condition effectively permits the minor to associate with his girlfriend (assuming she is not a gang member), if she wishes to come to Orange County, without embroiling the court in disputes about whether the minor violated probation by visiting her in the gang's neighborhood.

We acknowledge that Los Angeles County is a large place. There is much that Antonio may be prevented from doing that does not relate to potential criminality. For example, the minor may not, without prior permission or with his parents, visit the Getty Museum. Flexing or gawking at Muscle Beach is prohibited. He may not take in a basketball game at Pauley Pavilion, nor a college football game at the Coliseum.

But we have confidence that any reasonable request to travel within Los Angeles County will be honored by his parents or the probation officer, and this safety valve saves the condition. In essence, the minor may not travel "extra-locally" without his parents' cooperation or his probation officer's assent. This does no more than reaffirm the traditional parental prerogative. The condition is thus consistent with the rehabilitative purpose of probation and constitutional parental authority. Antonio's constitutional rights have not been *impermissibly* burdened.

The judgment is affirmed.

Rylaarsdam, J., and Bedsworth, J., concurred.