Filed 3/6/13  In re Jonathan A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re JONATHAN A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | C067783 |
| v. | (Super. Ct. No. JV132275) |
| JONATHAN A., | |
| Defendant and Appellant. | |

The juvenile court sustained a petition alleging the minor, Jonathan A., committed three felonies:  (1) battery on a peace officer, including personal infliction of great bodily injury (Pen. Code, §§ 243, subd. (c)(2), 12022.7)[1] (2) resisting an officer (§ 69, as amended by Stats. 2011, ch. 15, § 235 [amending sentencing provisions]); and (3) battery causing serious bodily injury (§ 243, subd. (d)).  (Welf. & Inst. Code, § 602.)  The

---

[1]   Undesignated statutory references are to the Penal Code.

1

juvenile court adjudicated the minor a ward of the court and placed him on probation with conditions.

On appeal, the minor contends: (1) the court's finding on the charge of resisting an officer must be reversed because it is a lesser included offense of battery on a peace officer; (2) the maximum term of confinement should be stricken; and (3) the probation condition restricting the minor's ability to travel is unconstitutional and should be stricken. We reject the minor's first and third contentions. In examining the statutory elements, felony battery on a peace officer is not a necessarily included offense to the offense of resisting an officer. By not objecting to the probation condition in juvenile court, the minor has forfeited any challenge to the reasonableness of the probation condition restricting his travel. Further, under the circumstances, the probation condition restricting the minor's travel within a 10-mile radius of his home without permission is not an unreasonable restriction of his rights. As to the second contention, we agree the maximum term of confinement should be stricken. The juvenile court had no statutory authority to impose a term of imprisonment because the minor was released to the custody of his legal guardian subject to court probation. Accordingly, we strike the maximum term of confinement. In all other respects, the juvenile court's orders are affirmed.

BACKGROUND

On January 17, 2011, a woman called a pizza restaurant and ordered a pizza delivered. When the pizza delivery person arrived at the designated address, he was robbed of the pizza. The victim described several individuals participating in the robbery, including two "male [B]lack juveniles." The police traced the phone number used to order the pizza to Cynthia Lee, who lived a few houses down from where the pizza was to be delivered.

Law enforcement officers, including Officer Karl Chan, went to Cynthia's home and were invited in by John Anderson. Inside, Officer Chan saw approximately eight people in the home.

Initially, "[i]t was a very calm scene and everybody was very cooperative." Officer Chan asked to speak to the three male juveniles or young adults in the home, including the minor (who was 14 years old at the time). Officer Chan spoke with the minor in the garage, which had been converted into a bedroom. He told the minor there had been a robbery across the street and asked if the minor knew anything about it. The minor was cooperative, but offered no information. Officer Chan left the house and returned to the scene of the robbery.

After Officer Chan left Cynthia's home, Officer Matt Hoffman entered the home. Officer Hoffman learned there was an individual in the home who was on probation so he conducted a probation search of the home. During the search, Officer Hoffman found slices of pizza inside the closet in the converted garage. The officers then gathered six to seven suspects in the living room, intending to place each one in a separate patrol car.

When Officer Hoffman returned to the living room, the minor was sitting on the couch with his grandmother. As soon as Officer Hoffman started detaining the suspects, the minor became "very outspoken, yelling F this, F that, you need a warrant," and was "being very uncooperative." As Hoffman attempted to handcuff the minor, the minor said, "fuck that" and kicked his left leg back into Officer Hoffman's knee. Officer Hoffman's knee collapsed and he fell to the ground. His ACL tendon was fully torn.

The minor was taken into custody and a wardship petition filed. The amended petition alleged the minor committed battery on a peace officer (§ 243, subd. (c)(2)), and inflicted great bodily injury on the same officer (§ 12022.7). The petition also alleged the minor resisted a peace officer (§ 69) and committed the crime of battery causing serious bodily injury (§ 243, subd. (d)).

At the contested jurisdiction hearing, the minor's family members testified the minor did not kick Officer Hoffman, that Officer Hoffman's injury was the result of an accident. The juvenile court was not persuaded and found true the allegations in the amended petition. The juvenile court also determined the offenses committed by the minor were felonies.

The following day, at the dispositional hearing, the minor was declared a ward of the court. The minor was granted probation with numerous conditions, including the "general condition" that the minor "[n]ot go beyond 10 miles from home until age 18 except (1) for purposes of employment that has been approved by the Probation Officer in advance or (2) if accompanied by a responsible adult who is approved by the parent, group home official, probation or school official . . . ."

The minor appeals.

DISCUSSION

I

*Lesser Included Offense*

The minor contends the charge of resisting a peace officer is a lesser included offense of battery on a peace officer. Accordingly, he argues the juvenile court's finding on the charge of resisting an officer should be reversed. We disagree.

Although, generally, a defendant "may be convicted of any number of the offenses charged" (§ 954), he or she may not suffer multiple convictions based on lesser-included offenses. (*People v. Medina* (2007) 41 Cal.4th 685, 690, fn. 2, 701; *People v. Reed* (2006) 38 Cal.4th 1224, 1226.) "In deciding whether multiple conviction is squarely proper, a court should consider only the statutory elements. Or, as formulated in [*People v.*] *Scheidt* [(1991) 231 Cal.App.3d 162, 165-166], 'only a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding. An offense that may be a lesser included offense because of the specific nature of the

4

accusatory pleading is not subject to the same bar.' [Citation.]" (*People v. Reed, supra,* 38 Cal.4th at p. 1229.)

Here, the juvenile court found true the allegation that the minor resisted a peace officer, which is defined by former section 69 as follows: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his [or her] duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment." (Former § 69, as amended by Stats. 2011, ch. 15, § 235 [amending sentencing provisions].)

Section 69 "sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty." (*In re Manuel G.* (1997) 16 Cal.4th 805, 814.) The amended petition alleged both deterrence and resistance by force, the prosecutor argued the minor violated both provisions of section 69, and the juvenile court found the allegations "contained within the [amended] Petition have been proven."

The minor also was found to have committed a battery upon a peace officer during the performance of that officer's duties, in violation of section 243, subdivision (c)(2). A battery is defined as "any willful and unlawful use of force or violence upon the person of another." (§ 242.)

In examining the statutory elements, felony battery upon a peace officer is not a necessarily included offense to the section 69 offense of resisting an officer. The first prong of section 69 can be committed by a mere threat -- without the use of force or violence. Thus, battery of a peace officer is not a necessarily included offense to the first prong of section 69. Nor is battery upon a peace officer a necessarily included offense to

5

section 69's second prong. For example, one can resist an officer with force (§ 69) without using "force or violence upon the person of another" (§ 242) by forcibly holding onto something to prevent arrest or forcibly creating a physical obstruction to prevent pursuit or arrest.

We conclude there was no error.

## II

### *Maximum Term of Confinement*

The minor contends the juvenile court erred when it included a maximum term of confinement in its dispositional order. The Attorney General agrees, as do we.

The minor was released to the custody of his legal guardian subject to court probation. Therefore, the juvenile court had no statutory authority to specify a term of imprisonment. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573.) The Attorney General suggests this court refuse to strike the unlawful sentence, but offers no persuasive reason for so refusing. Accordingly, we strike that portion of the order specifying a maximum term of confinement. (*In re Matthew A., supra*, 165 Cal.App.4th at p. 541.)

## III

### *Probation Condition*

The minor further contends the probation condition prohibiting him from traveling more than 10 miles from his home without permission from the probation department or the accompaniment of an approved adult impinges on his constitutional right to travel. The minor has forfeited this claim by failing to object to the probation condition in the juvenile court.

The minor contends this claim is not forfeited, relying on *In re Sheena K.* (2007) 40 Cal.4th 875, 886-887, claiming the case presents a pure question of law. We disagree with the minor's characterization of the claim. In finding a probation condition that the minor "not associate with anyone disapproved of by probation" was overbroad, the

California Supreme Court in *Sheena K.* found the minor could object for the first time on appeal because the objection was based on a constitutional challenge that presented a pure question of law. (*In re Sheena K.*, *supra*, 40 Cal.4th at pp. 875, 887-888.) That is, the *challenge* was to a "facial constitutional defect in the relevant probation condition" and was "capable of correction without reference to the particular sentencing record developed in the trial court." (*Id.* at p. 887.)

The court went on, however, to "caution, . . . our conclusion does not apply in every case in which a probation condition is challenged on a constitutional ground. As stated by the court in [*In re*] *Justin S.* [(2001) 93 Cal.App.4th 811], we do not conclude that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' (*Justin S., supra*, 93 Cal.App.4th at p. 815, fn. 2.) We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition is initially imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*In re Sheena K., supra*, 40 Cal.4th at p. 889.)

The probation condition imposed in this case does not present a pure question of law that can be resolved without reference to the record developed in the juvenile court. (See, e.g., *In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373; *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941-942; *In re Daniel R.* (2006) 144 Cal.App.4th 1, 7-8.) The minor's argument demonstrates this point. He argues the condition is "not tailored to fit the minor" and thus is "not reasonably related to the compelling state interest in reformation and rehabilitation." This is a challenge to the reasonableness of the

7

probation condition, not its facial constitutionality. (*In re Justin S.* (2001) 93 Cal.App.4th 811, 813 & fn. 1.) Challenges to the reasonableness of a probation condition cannot be raised for the first time on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 233-235; *In re Justin S.*, *supra,* at pp. 814-815.)

The minor, however, continues to contend the condition improperly impinges on his fundamental right to travel. We are not persuaded. "[J]uvenile [probation] conditions may be broader than those pertaining to adult offenders. This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of the constitutional rights . . . [because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation,] and to "direct the upbringing and education of children." [Citation.]' [Citations.]" (*In re Antonio R., supra*, 78 Cal.App.4th at p. 941.)

At the dispositional hearing, the juvenile court considered the probation department's intake social study report wherein the minor admitted to smoking marijuana twice a week and associating with gang members. The minor also was the target of a local gang who previously tried to "jump" him into the gang. Under such circumstances, restricting the minor's travel to within a 10-mile radius of his home without permission is not an unreasonable restriction of the minor's rights.

Moreover, the probation condition means the minor "may not travel 'extra-locally' without his [or her] parents' cooperation or his [or her] probation officer's assent. This does no more than reaffirm the traditional parental prerogative. The condition is thus consistent with the rehabilitative purpose of probation and constitutional parental authority. [The minor]'s constitutional rights have not been *impermissibly* burdened." (*In re Antonio R., supra,* 78 Cal.App.4th at p. 942.)

8

DISPOSITION

The maximum term of confinement is hereby stricken from the juvenile court's order of probation. In all other respects, the juvenile court's orders are affirmed.



          HOCH         , J.



We concur:



       ROBIE       , Acting P. J.



       BUTZ       , J.