Filed 2/28/14  In re Daniel G. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DANIEL G., a Person Coming Under the Juvenile Court Law. | B248630 (Los Angeles County Super. Ct. No. TJ20187) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL G.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Tamara E. Hall, Judge.  Affirmed as modified.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The Los Angeles District Attorney's Office filed a petition under Welfare and Institutions Code section 602 alleging that appellant Daniel G. committed second degree robbery in violation of Penal Code section 211. After a contested adjudication, during which evidence was presented that appellant stole a bike from a 14-year-old boy, the juvenile court sustained the petition, found count 1 true, and declared it a felony. The maximum term of confinement was set at five years. On March 18, 2013, appellant was sentenced to home on probation, with various specified conditions.

Appellant timely filed a notice of appeal, arguing that his probation conditions numbers 4 and 14, are unconstitutional. Condition number 4 is constitutional. That said, we agree with the parties that condition number 14 should be amended to add a knowledge requirement.

## DISCUSSION

I. *Standard of review*

Trial courts have broad discretion to devise appropriate conditions of probation, "so long as they are intended to promote the 'reformation and rehabilitation' of the probationer." (*In re Luis F.* (2009) 177 Cal.App.4th 176, 188; Pen. Code, § 1203.1, subd. (j).)

"In cases involving juvenile offenders, Welfare and Institutions Code section 730, subdivision (b) provides that when a minor who is adjudged a ward of the court 'is placed under the supervision of the probation officer . . . , the court may make any and all reasonable orders for the conduct of the ward . . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'" (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1142.)

"[Welfare and Institutions Code] [s]ection 730 grants courts broad discretion in establishing conditions of probation in juvenile cases. [Citation.] '[T]he power of the juvenile court is even broader than that of a criminal court.'" (*In re Shaun R.*, *supra*, 188 Cal.App.4th at p. 1142.)

Only constitutional challenges to probation conditions that present a pure question of law may be raised for the first time on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888–889.)

II. *Probation conditions numbers 4 and 14, with an added knowledge requirement, are constitutional*

Probation condition number 4 directs appellant to "[n]otify the Probation Officer before changing address, school, school schedule or place of employment." Probation condition number 14 provides: "Do not stay away from residence for more than 24 HRS, nor leave Los Angeles County except at times and places specifically permitted in advance by the Probation Officer."

Appellant argues that these conditions are unconstitutional because they require advance approval of the probation officer and thus "infringe too greatly on appellant's constitutional rights to freedom of association and to travel." But, condition number 4 does not require the probation officer's advance approval; it merely requires that the probation officer be *notified* before appellant changes his "address, school, school schedule or place of employment." Thus, appellant's first argument does not apply to condition number 4. (*People v. Olguin* (2008) 45 Cal.4th 375, 382–383 [probation condition requiring defendant to inform his probation officer of the presence of any pets did not forbid the defendant from owning pets or require him to get permission to have pets].)

As for condition number 14, it is well-established that probation conditions requiring the advance approval of a probation officer have generally been upheld, especially in juvenile cases. (See, e.g., *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1350; *In re Ramon M.* (2009) 178 Cal.App.4th 665, 677; *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015; *In re Antonio R.* (2000) 78 Cal.App.4th 937, 942.) The reasoning of those cases applies squarely here: The requirement of probation officer approval prevents the condition from being an outright ban and acts as a "safety valve" to make the condition constitutional. (*In re Antonio R.*, *supra*, at p. 942.)

Appellant notes that our California Supreme Court is currently considering the validity of conditions requiring advance approval. (See *People v. Schaeffer* (2012) 208 Cal.App.4th 1, review granted Oct. 31, 2012, S205260.) The issue in that case is whether a condition that requires approval of a probationer's residence and permission before moving is constitutional. The Court's resolution of the issue in that case will likely not dictate the outcome here. That case is considering adult probation conditions, and "a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889; see also *In re Shaun R.*, *supra*, 188 Cal.App.4th at p. 1142.)

Appellant further argues that the conditions, by requiring prior approval without any guidelines or limitations, give too much discretion and control to the probation officer. Again, condition number 4 only requires that the probation officer be notified, not that appellant obtain permission, so this argument is inapplicable. As for condition number 14, appellant relies exclusively on adult criminal cases, which disapprove of probation conditions that leave "unfettered discretion to a probation officer to determine [their] scope." (*People v. Leon* (2010) 181 Cal.App.4th 943, 953.) But, as has been recognized by other courts, "[c]onditions of juvenile probation may confer broader authority on the juvenile probation officer than is true in the case of adults." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358, fn. 4.)

Appellant speculates that condition number 14 is improper because "[t]he probation officer could unreasonably withhold approval if appellant asked about changing schools or requested permission to leave the county to visit family or friends, or go on a school field trip." We "have confidence that any reasonable request . . . [would] be honored by . . . the probation officer." (*In re Antonio R.*, *supra*, 78 Cal.App.4th at p. 942.)

4

While the condition number 14 is permissible, we agree with the parties that a scienter requirement is necessary.  A knowledge requirement must be added to this condition to prevent it from being unconstitutionally vague.  (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 892; *In re Victor L.* (2010) 182 Cal.App.4th 902, 911–913.)

Finally, appellant argues that the challenged probation conditions are not "narrowly tailored" to rehabilitate him and meet his needs.  As pointed out by the People, appellant has forfeited this argument by failing to object below.  (*In re Ramon M.*, *supra*, 178 Cal.App.4th at pp. 676–677 [by failing to object below to the imposition of probation terms, appellant forfeited all claims except a challenge based on the ground that the conditions are unconstitutional].)

## DISPOSITION

The judgment is affirmed as modified.  Probation condition number 14 is modified to read:  "Do not stay away from residence for more than 24 HRS, nor *knowingly* leave Los Angeles County except at times and places specifically permitted in advance by the Probation Officer."  In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ