Filed 5/29/15  In re O.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re O. G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>O. G.,<br><br>    Defendant and Appellant. | A142716<br><br>(Alameda County<br>Super. Ct. No. SJ12020038) |

In this delinquency case, we are asked to determine if certain conditions dealing with gang affiliation placed on appellant are appropriate.  The Attorney General has agreed the probation terms need to be modified to include a scienter requirement.  The appellant also maintains he should have no "gang" conditions because the evidence fails to establish his association with such a group.  We conclude the juvenile court exercised its discretion properly in this delinquency matter and will not reverse the conditions themselves.  We do concur the conditions need modification.

**STATEMENT OF THE CASE**

On December 5, 2012, the District Attorney of Alameda County filed a wardship petition pursuant to Welfare and Institutions Code section 602,[1] alleging appellant,

---

[1] Any unspecified code sections referenced in the opinion refer to the Welfare and Institutions Code.

age 15, committed hit and run driving (count one, a violation of Veh. Code, § 20002, subd. (a)) and driving without a valid California driver's license (count two, a violation of Veh. Code, § 12500, subd. (a).)

The appellant admitted count one. The district attorney dismissed count two. The juvenile court found appellant a ward of the court and placed him on formal probation on January 17, 2013. On October 3, 2013, appellant tested positive for cocaine and the juvenile court modified his probation to include electronic monitoring.

On January 28, 2014, the juvenile probation department filed a section 777 petition alleging appellant had been suspended from high school after giving one of his teachers a brownie laced with marijuana. On January 30, 2014, the juvenile court continued O.G. as a ward. It dismissed the most recent petition but reinstated the electronic monitoring and imposed additional conditions. On March 18, 2014, the court again vacated the electronic monitoring.

A supplemental petition was filed on June 16, 2014, alleging a violation of probation because appellant had stopped attending school, failed to contact his probation officer, and again tested positive for cocaine use.

On July 24, 2014, the court held a disposition hearing. The court continued appellant as a ward of the court. It reinstated probation with new terms, including electronic monitoring and several gang restrictions. These included: (1) "Do not be a member of or associate with any person you know, or reasonably should know, to be a member of, or involved in, activities of a criminal street gang"; (2) "You are not to wear or display items or emblems reasonably known to be associated with or symbolic of gang membership"; (3) "You are not to acquire any tattoos or gang related piercings"; and (4) "You shall have any existing tattoos or piercings photographed as recommended by the probation officer."

Appellant filed a timely notice of appeal on August 11, 2014.

## STATEMENT OF FACTS

### A. Underlying Offense

On September 2, 2012, O.G. obtained his mother's automobile without her consent and crashed it into two parked vehicles. He then ran from the scene of the collision. Fortunately, a witness photographed appellant before he left the scene.

### B. Subsequent Conduct

While counsel for appellant asked for informal probation, the juvenile probation report recommended against such status. One of the concerns of the department was appellant had been "jumped" by members of the Norteño gang. Appellant was beaten. He became afraid of leaving his home as a result of the assault.

The minor denied having a substance abuse problem. He conceded he smoked marijuana. His mother also denied he used drugs or was associated with any gangs. Appellant admitted being assaulted by Norteños in the recent past. The probation report also stated the minor was disciplined in March 2012 at Castlemont High School after engaging in a fight with another student.

On January 17, 2013, appellant accepted the probation conditions, none of which included any gang restrictions.

In July 23, 2014, a supplemental probation report indicated appellant had stopped attending school due to his concerns about gang problems. The report states appellant maintained he did not belong to any gang but that he and another student had an altercation due to the student's belief O.G. was gang affiliated. Also, in the report, appellant denied the use of drugs. However, he had recently tested positive for cocaine. Additionally, he admitted he has used alcohol and marijuana. The report concluded appellant was designated as a high risk for reoffending in the coming year.

The July report recommended continuation of existing conditions of probation, and the addition of new gang association conditions. The transcript of the July 24 hearing indicates the juvenile court judge believed gang restrictions were already in

3

place.  However, gang conditions had not been imposed.  The sentencing court indicated a concern based on appellant's school attendance difficulties and the fight with another student over suspected gang association.  At the hearing on July 24, the court stated it would impose gang conditions.  Defense counsel objected, stating:  "I would object, for the record, to imposing the gang conditions at this time.  I understand what the probation officer is saying is, obviously, they don't want [O.G] to become involved in gangs.  But what [appellant is] saying is, he's not in a gang.  People believe that [he is] a gang member, but he indicates he is not in a gang.  I don't think there is any independent evidence he is.  So under those circumstances, I don't think the gang condition are appropriate."

The juvenile court overruled the objection.  "All right. . . .  Do not be a member of or associate with any person you know, or reasonably should know, to be a member of, or involved in, activities of a criminal street gang.  You are not to wear or display items or emblems reasonably known to be associated with or symbolic of gang membership.  You are not to acquire any tattoos or gang related piercings.  You shall have any existing tattoos or piercings photographed as recommended by the probation officer."

## ANALYSIS

As indicated, both sides agree the above-quoted gang probation conditions should be modified if we adopt them as proper conditions in this case.  Therefore, we first focus on the validity of these conditions in the probationary supervision of appellant.  Under section 730, subdivision (b), the juvenile court can impose and mandate "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  (§730, subd. (b).)  Assessing similar terms in Penal Code section 1203, our Supreme Court noted that " '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future

4

criminality." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379; *People v. Lent* (1975) 15 Cal.3d 481, 486.)  At the very least, the focus of a gang condition in a juvenile delinquency case is to prevent conduct which could lead to future criminality—the third condition in *Olguin* and *Lent.*

Here, the minor had a serious truancy profile, refraining from school attendance due to his gang concerns.  He was also assaulted by Norteños members on a prior instance.  Both the experienced juvenile court judge and appellant's supervising probation officer believed, with the minor facing a new probation modification hearing, that conditions on gang association were needed for the "reformation and rehabilitation of the ward."

Probation conditions in the juvenile delinquency setting are evaluated by appellate courts with deference to the considerations that inform the juvenile court judge's decision.  Conditions of probation for minors may be broader than those applicable to adult probationers.  This is rooted in the conclusion juveniles are considered more in need of guidance and supervision than are adults, and because a minor's constitutional rights are more circumscribed.  (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1330 (*Spencer S.*); *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.)  Because of these principles, we review any probation conditions in the delinquency setting for an abuse of discretion.  (*In re Juan G.* (2003) 112 Cal.App.4th 1, 7.)

In *Spencer S.*, *supra*, 176 Cal.App.4th 1315, the minor was at a party where several youths got into a fight with an adult gang member.  It was a melee and the minor was seen hitting someone in the face.  The minor had no prior offenses as a juvenile, but the juvenile court and probation department believed he needed structure and probation conditions limiting his associations.  The court therefore imposed the condition the minor not associate with persons he knew were on probation.  (*Id*. at p. 1321.)  Challenged on appeal, the appellate court upheld the condition as not being an abuse of juvenile court discretion.  The restriction on the minor's association with probationers "is sufficiently

5

related to the goals of (1) promoting his rehabilitation and reformation, and (2) protecting the public. . . . The condition is especially valid in light of the state's authority over juvenile wards and a ward's concomitant circumscribed constitutional rights." (*Spencer S.,* at p. 1331.)

In our case, the appellant had at least two incidents involving gang issues. The incidents concerned the probation department and the juvenile court. Also, the court was not obligated to engage in a detailed hearing of the evidentiary conflicts before modifying appellant's probation terms. Additionally, appellant had become seriously truant at school and expelled because he brazenly offered his teacher a marijuana-laced brownie. His drug usage was verified by testing, even though his mother was in denial. Finally, appellant's behavior with prior conditions was not improving; rather, it was regressing. We find the juvenile court acted appropriately in imposing the stated gang conditions. (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1016–1018.)

We, as does the Attorney General, agree that gang conditions one, two and three deserve modification to avoid constitutional issues of vagueness. Even though not challenged at the juvenile court, the constitutionality of probation conditions may be reviewed on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888.)

Condition number one states: "Do not be a member of or associate with any person you know, or reasonably should know, to be a member of, or involved in, activities of a criminal street gang." A criminal street gang should mean a group defined by Penal Code section 186.22, subdivision (f). While this reference need not be included expressly for each condition, it needs to be stated to permit proper understanding if review of the violation of this condition is presented. (See *In re Victor L.* (2010) 182 Cal.App.4th 902, 914; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1145.

Condition number two states: "You are not to wear or display items or emblems reasonably known to be associated with or symbolic of gang membership." We adopt the proposed modification suggested by the Attorney General and modify the condition to

read: "You are not to wear or display items or emblems *reasonably known by you to be, or that the Probation Officer informs you* to be associated with or symbolic of gang membership." (See *Shaun R., supra*, 188 Cal.App.4th at p. 1145.)

Condition number three states: "You are not to acquire any tattoos or gang related piercings." We adopt the modification that is similar to the change to number two. The new condition as modified should state: "You are not to acquire any gang related tattoos or piercings *that are reasonably known to you to be, or that the Probation Officer informs you to be, related to gangs.*"

## CONCLUSION

We have modified the first three conditions to gang association imposed by the juvenile court on July 24, 2014, as indicated. With this modification of probation understood, the judgment is affirmed.


_____
DONDERO, J.


We concur:


_____
HUMES, P.J.


_____
MARGULIES, J.


7