Filed 10/19/15  In re S.T. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| In re S.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>S.T.,<br><br>        Defendant and Appellant. | A143357<br><br>(Alameda County<br>Super. Ct. No. SJ14022816) |

S.T. appeals from a dispositional order of probation upon her admission of the misdemeanor offense of disturbing the peace with loud and unreasonable noise (Pen. Code,[1] § 415, subd. (2)).  She contends that the probation condition requiring her to submit her electronic devices to search upon the request of a probation officer or peace officer is unreasonably applied to her, unconstitutionally overbroad, and violates California's Invasion of Privacy Act (§ 632).  We conclude that the condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and therefore modify the judgment to strike it.

## I.  FACTUAL BACKGROUND

Defendant was charged, pursuant to Welfare and Institutions Code section 602, with misdemeanor burglary (§ 459, count 1) and misdemeanor petty theft (§ 484,

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

1

subd. (a), count 2). The charges stemmed from an incident in which defendant and two of her friends shoplifted merchandise from the Macy's Pleasanton store on February 25, 2014. Defendant and her friends took several items of clothing into a fitting room, and subsequently left the store with the merchandise. The store's loss prevention personnel observed defendant and the other two minors leave the fitting room with their purses and bags full, leaving no clothing behind in the fitting room. The store's loss prevention personnel apprehended defendant and the other minors outside the store. They discovered that the security sensors on the clothing had been covered in aluminum foil to prevent the thefts from being detected. Six items with a total retail value of $235 were recovered from defendant.

On July 7, 2014, defendant entered a negotiated plea admitting the offense of disturbing the peace with loud and unreasonable noise (§ 415, subd. (2)) as a reasonably related offense of count 1. The court dismissed count 2.

On August 25, 2014, the court placed defendant on probation on conditions including that she "submit to a search of [her] person, any container [she] may have or own, [her] vehicle, residence, or any of [her] electronics day or night upon the request of a Probation Officer or peace officer . . . ." Defendant objected to the search condition of her electronic devices. The court noted that it was imposing the condition given defendant's indication that she used marijuana.[2] It stated, "I find from past experiences that very often minors, when they are using, will show themselves on their electronic devices actually using drugs or displaying drugs or paraphernalia." The court also imposed standard drug conditions and ordered that she not contact or associate with her co-participants in the offense.

---

[2] The probation report indicated that defendant admitted smoking marijuana on a daily basis until December 2013.

## II. DISCUSSION

Defendant contends that the juvenile court abused its discretion in imposing the probation condition requiring her to submit her electronic devices to search upon the request of a probation officer or peace officer.

We asked the parties to brief the issue of whether the appeal was moot because it appeared from the record that defendant might have completed her term of probation. The record contains the Juvenile Detention Disposition Report which indicates that defendant's term of probation was 90 days. Her appellate counsel, however, informs us that the entry is incorrect and contrary to the dispositional order. The Attorney General notes that the record does not reflect whether defendant successfully completed probation. Because defendant may still be subject to the conditions of probation, the issue is not moot.

Juvenile courts have broad discretion in establishing the conditions of probation. "The court may impose 'any . . . reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' [Citation.]" (*In re Antonio R*. (2000) 78 Cal.App.4th 937, 940.) Juveniles are deemed to be more in need of guidance and supervision than adults; thus, their rights are more circumscribed. (*Id.* at p. 941.) Hence, a condition of probation that would be impermissible for an adult offender may be reasonable for a minor. (*In re Frank V*. (1991) 233 Cal.App.3d 1232, 1242.)

The juvenile court's discretion, however, is not unlimited. A juvenile probation condition must relate to the crime of which the offender was convicted; relate to conduct which is itself criminal; or require or forbid conduct which is reasonably related to future criminality. (*Lent, supra,* 15 Cal.3d at p. 486; *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084.) A condition of probation that forbids conduct which is not itself criminal is valid only if that conduct is reasonably related either to the crime of which the defendant was convicted or to future criminality. (*Ibid.*)

In *In re Erica R.* (2015) __ Cal.App.4th __ [2015 Cal.App. LEXIS 843] (*Erica R.*), Division Two of this District addressed the same issue presented here.  There, the defendant admitted a misdemeanor possession of ecstasy offense.  (*Id.*, slip opn. at p. 1.)  The juvenile court imposed a similar condition to the one here—requiring the defendant to submit her electronic devices to search and to provide her electronic passwords to her probation officer.[3]  (*Id.*, slip opn. at p. 3.)  Our colleagues in Division Two held that the condition was invalid under *Lent*, because it had no relationship to the crime of possession of ecstasy and there was no evidence that connected the defendant's use of electronic devices to her possession of any drugs.  (*Ibid.*)

The *Erica R.* court further held that the electronic search condition was not reasonably related to preventing future criminality.  (*Erica R., supra*, slip opn. at p. 6.)  Like the juvenile court in the present case, the court in *Erica R.* also remarked that in its experience, many minors often use electronic devices to show themselves using drugs.  (*Ibid.*)  Division Two reasoned that the condition was not justified because there was nothing in the record to connect the defendant's use of electronic devices to illegal drugs.  " '[B]ecause there is nothing in [the defendant's] past or current offenses or [her] personal history that demonstrates a predisposition' to utilize electronic devices or social media in connection with criminal activity, 'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [the defendant] from any future criminal acts.'  [(*In re D.G.* (2010) 187 Cal.App.4th 47, 53.)]" (*Id.*, slip opn. at p. 6.)

We agree with the reasoning of *Erica R.*  Here, as well, there is nothing in the record connecting defendant's offense or her prior marijuana usage to electronic devices.  The court's imposition of an electronic search condition bears no relationship to the crime of disturbing the peace with loud or unreasonable noise or to the underlying petty

---

[3] The juvenile court here did not require defendant to disclose her passwords to her probation officer as a condition of probation.

4

theft alleged in the petition.  There is nothing in the record to support a finding that defendant used a cell phone or any electronic devices to plan the offense or to further its commission, or even, as the juvenile court suggested, to record her past use of marijuana.  As in *Erica R.*, the electronic search condition is not related to the crime of which defendant was convicted nor is it reasonably related to preventing future criminality.  It is therefore invalid.  (*Erica R., supra,* slip opn. at p. 7; *Lent, supra,* 15 Cal.3d at p. 486.)  In light of our disposition, we need not reach defendant's constitutional or statutory arguments.  (*Erica R., supra,* at p. 3; *Sanchez v. City of Modesto* (2006) 145 Cal.App.4th 660, 671.)

### III.  DISPOSITION

The disposition is modified to strike the probation condition requiring defendant to submit "any electronics under [her] control" to search.  In all other respects, the disposition is affirmed.

 

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Streeter, J.

5