Filed 1/24/20; on transfer from Surpeme Court
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Q.R., a Person Coming Under the Juvenile Court Law. | H043075<br>(Santa Clara County<br>Super. Ct. No. 315-JV-41136A) |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>Q.R.,<br><br>　　　Defendant and Appellant. | |

Minor recorded photographs and video on his cellular phone of consensual sexual activity between himself and Jane Doe, both under 18 years old, and he later extorted money from Doe by threatening to disclose the recordings to other students at their high school. He was placed on juvenile probation after admitting to felony possession of child pornography (Pen. Code, § 311.11, subd. (a)) and extortion (Pen. Code, §§ 518, 520). Minor argues that a probation condition requiring him to submit all electronic devices under his control to warrantless search by the probation department and to provide passwords necessary to access information on those devices is unconstitutionally overbroad. We previously affirmed the disposition order. The Supreme Court granted review and transferred the matter to us with directions to vacate our decision and reconsider the cause in light of *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*). Given the direct relationship between minor's offenses and his use of an electronic device, we find the search condition appropriately tailored and we will again affirm.

# I. JUVENILE COURT PROCEEDINGS

According to the probation report, juvenile Jane Doe reported to her father that she had engaged in sexual conduct with minor and another boy on separate occasions and was being blackmailed as a result. Doe's father contacted the police, who interviewed Doe.

Doe told a police officer that she had engaged in sexual intercourse with minor multiple times. Minor recorded videos of them having sex. Minor and Doe had also exchanged nude photographs. They eventually broke up, at which point minor reportedly told other students at their high school that Doe had had sex with him. Minor started asking Doe for money, later blackmailing her by threatening to show the videos and photographs to others. Doe gave him money for a couple months before telling her father.

In addition to extorting money from her, Doe reported that minor threatened to show the photographs and videos to others if she did not have sex with another boy. Doe "became scared and felt she had to do whatever [minor] told her to do." Doe had sex with the other boy, who recorded a video of the encounter.

Police officers obtained a warrant to search minor's cellular phone and discovered videos and nude photographs of Doe. Minor used a password-based application called KeepSafe on his phone to securely store videos and photographs, and he provided the password. When interviewed by police, minor denied having a sexual relationship with Doe. He then admitted blackmailing Doe for money, but denied pressuring her to have sex with someone else. According to a police report, officers discovered text messages on minor's phone in which he "demanded money from [Doe] and reminded her that he still had, 'pics and videos.' "

Minor was arrested, and a Welfare & Institutions Code section 602 petition was filed alleging forcible rape (Pen. Code, § 261, subd. (a)(2); count 1); possession or

control of matter depicting a person under 18 engaging in sexual conduct (Pen. Code, § 311.11, subd. (a); count 2); and extortion of property (Pen. Code, §§ 518, 520; count 3).

Minor admitted counts 2 and 3, and requested a contested jurisdiction hearing regarding count 1. After taking evidence, the juvenile court concluded that the prosecution had not met its burden and found the rape count not true.

Minor was declared a ward of the juvenile court based on counts 2 and 3 and was placed on juvenile probation in the custody of his parents. At the disposition hearing, the prosecutor requested a probation condition prohibiting minor from using "any type of cell phone unless in the case of an emergency." Alternatively, the prosecutor requested a condition requiring minor to submit all electronic devices under his control to search at any time with or without a warrant. Minor objected to the conditions based on "the issue of overbreadth and narrow tailoring."

The juvenile court declined to impose a condition forbidding minor from using a cellular phone, but adopted the prosecutor's search condition. As written in the disposition hearing minute order, the condition requires minor to "[s]ubmit all electronic devices under [his] control to a search of any text messages, voicemail messages, call logs, photographs, email accounts and social media accounts, with or without a warrant, at any time of the day or night, and provide the probation or peace officer with any passwords necessary to access the information specified."

## II.    DISCUSSION

Minor argued in his original briefing that the electronic search condition is unconstitutionally overbroad because it fails to adequately define "electronic devices;" implicates the privacy rights of third parties; allows searches of remotely-stored information; and unnecessarily infringes his expectation of privacy in the contents of electronic devices. Minor did not assert that the condition was unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), and he has therefore forfeited that argument.

3

Minor argues in his supplemental brief that the reasoning of *Ricardo P.* should apply to the overbreadth challenge which he did preserve.

## A. STANDARD OF REVIEW

Juvenile courts have broad discretion to fashion probation conditions, and "may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) Juvenile probation conditions may be broader than those imposed on adult offenders "because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra,* 40 Cal.4th at p. 890.) We review constitutional challenges to probation conditions de novo. (*In re Malik J.* (2015) 240 Cal.App.4th 896, 901 (*Malik J.*).)

## B. *MALIK J.* IS DISTINGUISHABLE

Minor relies heavily on the reasoning of *Malik J.*, *supra*, 240 Cal.App.4th 896, but that decision is factually distinguishable. While on juvenile probation, Malik robbed three different women near a transit station. (*Id.* at p. 899.) Malik admitted the robberies as probation violations. The prosecutor asked the juvenile court to impose a probation condition subjecting Malik's electronic devices to warrantless search, arguing that "Malik had been working with two other individuals, which 'would indicate electronic devices might be used to coordinate with other people, and one of these robberies involved an iPhone, which means electronic devices on his person might be stolen.' " (*Id.* at p. 900.) Over a defense objection, the juvenile court imposed a condition requiring Malik to

4

provide passwords to social media accounts and any electronic devices within his custody and control, and to submit those devices to warrantless search at any time.  (*Ibid.*)

Malik appealed, arguing that the search condition was unconstitutionally overbroad.  (*Malik J.*, *supra*, 240 Cal.App.4th at pp. 901–902.)  The People justified the search condition as necessary to allow probation officers to determine whether any cell phones in Malik's possession had been stolen.  While the appellate court agreed that was a proper purpose, it found the condition overbroad because it "goes considerably farther than permitting police to search a cell phone to determine whether Malik is the owner." (*Id.* at p. 901.)  The court reasoned that while officers "must be able to determine ownership of any devices in a probationer's custody or within his or her control," they "must show due regard for information that may be beyond a probationer's custody or control or implicate the privacy rights of the probationer or third parties."  (*Id.* at pp. 903–904.)  The appellate court concluded that in order to achieve the purpose of ensuring that electronic devices in Malik's possession were not stolen, the condition should be modified to "authorize warrantless searches of electronic devices in Malik's custody and control only after the device has been disabled from any internet or cellular connection and without utilizing specialized equipment designed to retrieve deleted information that is not readily accessible to users of the device."  (*Id.* at p. 906.)

The *Malik J.* court's discussion must be read in that case's factual context.  There was no evidence an electronic device was an instrumentality of the robberies Malik committed.  By contrast, here it is undisputed that minor used his cell phone not only to store the illegal media but also to demand money from Jane Doe via text message.  The *Malik J.* court limited the scope of the electronic search condition because its purpose— ensuring electronic devices in Malik's possession were not stolen—was limited and could be achieved through a relatively superficial search.  But the purpose of the electronic search condition here—ensuring that minor does not continue to use electronic devices to commit crimes—cannot be accomplished by a superficial search.  The need for robust

5

access is particularly critical given that minor previously stored illegal content in a password-protected application.

## C. THE SEARCH CONDITION IS NOT OVERBROAD AS APPLIED TO MINOR

### 1. Scope of "Electronic Devices"

Minor argues that the probation condition is unconstitutionally overbroad because the failure to define specific types of "electronic devices" allows probation officers to search "a digital television; video game console, both hand-held and stationary; and something as innocuous as a Kindle Fire or DVD player merely because the device was in [minor's] control."

Minor used an electronic device—his cell phone—to perpetrate both offenses he admitted. Though it appears from the record that minor's cell phone was the only electronic device he used to commit those offenses, the search condition is not unconstitutionally overbroad merely because it encompasses other devices. By allowing the search of other devices, the condition ensures that minor is neither storing illegal images nor attempting to extort money by the use of any electronic device. If the condition were limited to specific types of electronic devices, minor could attempt to circumvent it by using an unlisted device for inappropriate storage or communication. As drafted, the condition is directed at preventing minor from engaging in the very conduct that brought him under the court's supervision, while providing probation officers with flexibility in dealing with technological capabilities.

### 2. Privacy Rights of Third Parties

Minor argues that the condition is unconstitutionally overbroad because it enables probation officers to use minor's electronic device to obtain information from third parties that is not within minor's actual possession and control, which affects those third parties' privacy rights. Minor's argument appears to relate to his use of social media: by requiring minor to provide his social media account passwords, the condition allows probation officers to access information posted by third parties with whom minor is

6

connected on social media even though some of that that information would not be accessible to the general public.

Minor can safeguard the rights of third parties by advising them that information they make accessible to him is not private. Further, any speculative impact on third parties is not a reason to strike the condition since minor lacks standing to assert the constitutional rights of third parties. (See *Rakas v. Illinois* (1978) 439 U.S. 128, 134 ["A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."].) The court in *Malik J.* discussed access to third party information as a reason the probation condition at issue in that case was unconstitutionally overbroad. (*Malik J.*, *supra*, 240 Cal.App.4th at pp. 902–904.) But there is no indication that the *Malik J.* court considered the standing argument presented by the People here.

### 3. Accessing Remotely-Stored Information

Minor argues that the condition is unconstitutionally overbroad because probation officers will "have an unfettered right to retrieve any information accessible from the electronic device, including information stored in a remote location." But limiting the condition to information stored only on the devices themselves would allow minor to circumvent the condition by using a cloud-based storage application. Though it is unclear from the record whether the "KeepSafe" application minor used to store illegal images was local or cloud-based, he appears to have had the sophistication to protect the images from discovery or deletion with a password. In the context of this case, allowing access to remotely-stored information is not unconstitutional.

### 4. Expectation of Privacy in Contents of Electronic Devices

Minor argues that the search condition is unconstitutionally overbroad because it unnecessarily infringes on his expectation of privacy in the contents of electronic devices. In essence, minor argues that the burden of the condition is not narrowly tailored to its

7

purpose "because the condition is not limited in any way to the types of data that may be searched."

Though even as a juvenile probationer minor retains a constitutionally protected expectation of privacy, that expectation is greatly diminished as long as he remains a ward of the court.  (*In re Jaime P.* (2006) 40 Cal.4th 128, 136.)  By asserting jurisdiction over him, the juvenile court (and, by extension, the probation department) acts in loco parentis and may curtail minor's constitutional rights to a greater extent than if he were an adult probationer.  (*Antonio R.*, *supra*, 78 Cal.App.4th at p. 941.)  His expectation is markedly different from the broader privacy guaranteed under the Fourth Amendment to individuals who are not serving sentences or on grants of probation.  It is that pre-conviction expectation of privacy that was at issue in *Riley v. California* (2014) 573 U.S. 373, where the United States Supreme Court announced the general rule that police may not conduct a warrantless search of a cellular phone seized incident to an arrest.  (*Id.* at p. 386.)  *Riley* is thus distinguishable.

We note again that minor *used* an electronic device to commit both crimes he admitted.  Minor stored the illegal photographs and videos on his cellular phone, and he used that phone to send text messages demanding money while implicitly threatening to share the " 'pics and videos' " with others if Jane Doe did not comply.  In the context of this case, access to minor's electronic devices is critical to monitor his progress on probation and to ensure that he is not continuing to engage in the sort of criminal conduct that led to him being declared a ward of the court.

The nature of minor's crimes and their direct relationship to the use of an electronic device distinguishes this case from those where similar probation conditions have been rejected as unconstitutionally overbroad.  For example, in *People v. Appleton* (2016) 245 Cal.App.4th 717, a different panel of this court struck an electronic search condition imposed on an adult probationer in a false imprisonment case where the connection to electronic devices was that the probationer had met the minor victim

8

through social media several months before the crime occurred.  (*Id.* at pp. 719–720, 728–729.)  Similarly, in *In re P.O.* (2016) 246 Cal.App.4th 288, the court modified an electronic search condition in a juvenile public intoxication case because the condition bore no relation to the crime and was imposed to monitor the juvenile's involvement with drugs.  (*Id.* at pp. 291–293, 298; see also *Malik J.*, *supra*, 240 Cal.App.4th at pp. 899–900, 902.)

Given the facts of this case, we conclude that the electronic search condition is not unconstitutionally overbroad as applied to minor.

### 5.  *Ricardo P.* is Distinguishable

Minor argues that the reasoning of *Ricardo P.* supports his overbreadth challenge. Ricardo was declared a ward of the court after he admitted to participating in two residential burglaries.  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1115.)  According to the probation report, Ricardo told the probation officer he was not thinking when he committed the burglaries and had " 'stopped smoking marijuana after his arrest because he felt that [it] did not allow him to think clearly.' "  (*Id*. at p. 1116.)  The juvenile court placed him on probation, and imposed conditions requiring Ricardo to submit any electronic devices in his control to warrantless search.  Addressing a *Lent* objection, the juvenile court found the condition reasonably related to preventing future crime because " 'minors typically will brag about their marijuana usage ... by posting on the Internet,' " and Ricardo's statement to the probation officer had " 'made reference to the fact that marijuana was involved in the commission of this offense.' "  (*Id*. at p. 1117.)

The Supreme Court granted review.  The court noted the *Lent* test has three prongs that must be analyzed when a probation condition is challenged as unreasonable: whether the condition has a relationship to the crime of which the probationer was convicted; whether the condition relates to conduct that is not itself criminal; and whether the condition requires or forbids conduct that is reasonably related to future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1119.)  The court confirmed that a probation

9

condition's reasonableness is reviewed on appeal for abuse of discretion. Importantly, the court assumed the first and second *Lent* requirements were satisfied, focusing its analysis solely on whether the electronic device search condition governed conduct reasonably related to future criminality. (*Ibid.*) The majority interpreted the third *Lent* prong to require a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id.* at p. 1122.)

Applying that standard, the *Ricardo P.* court found proportionality lacking because the burden of the condition was very high while the legitimate interests to be served were low. "[N]othing in the record suggests that Ricardo has ever used an electronic device or social media in connection with criminal conduct." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) The court made clear, however, that its decision "does not categorically invalidate electronics search conditions." "In certain cases, the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Id.* at pp. 1128–1129.)

Minor's arguments about *Ricardo P.* are unpersuasive. First, the Supreme Court limited its review in *Ricardo P.* to a *Lent* challenge; the opinion is not binding on the question of overbreadth minor asserts here. (*People v. Ault* (2004) 33 Cal.4th 1250, 1268 fn. 10 ["It is axiomatic that cases are not authority for propositions not considered."].) Second, and more significant, the rationale of *Ricardo P.* does not apply here because the offense Ricardo committed did not involve the use of an electronic device, whereas an electronic device was integral to minor's adjudication.

### III.    DISPOSITION

The disposition order is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Premo, J.

**H043075 -** *In re Q.R.; People v Q.R*

| Trial Court: | Santa Clara County Superior Court<br>Case No.: 315-JV-41136A |
|---|---|
| Trial Judge: | Hon. Melinda Stewart |
| Attorneys for Plaintiff/Respondent:<br>The People | Xavier Becerra<br>  Attorney General<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Assistant Attorney General<br>Eric D. Share, Huy The Luong<br>  Deputy Attorneys General |
| Attorneys for<br>Defendant/Appellant:<br>Q.R. | Heather Shallenberger<br>  Attorney at Law<br>  Under Appointment by the Court of<br>  Appeal |

*In re Q.R.; People v Q.R.*
**H043075**