Filed 4/28/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D071020 |
| Plaintiff and Respondent, | (Super. Ct. No. J238506) |
| v. | |
| R.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Aaron H. Katz and Browder A. Willis, Judges.  Affirmed as modified.

Ashley N. Johndro, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

Per a plea agreement addressing two separate delinquency petitions, R.S. admitted to one count of robbery (Pen. Code, § 211) and one count of resisting an executive officer

(Pen. Code, § 69). At the disposition hearing, the juvenile court adjudged R.S. a ward of the state under Welfare and Institutions Code[1] section 602 and placed him at the Camp Barrett program for a custodial period not exceeding 365 days. The court further ordered that upon release from Camp Barrett, R.S. would be placed on probation subject to numerous conditions.

R.S. appeals, challenging two of the imposed probation conditions. One pertains to searching R.S.'s property. The other allows R.S. to travel in a car with minors only under certain conditions. Although he did not challenge these conditions below, he contends that each of these conditions is unconstitutional on its face. We disagree and determine that R.S. forfeited his challenges here by failing to raise these issues in the juvenile court.

R.S. also asserts, and the People concede, the juvenile court erred in failing to award him the proper precommitment custody credit. We therefore modify the order to reflect the correct precommitment custody credit. In all other respects, the order is affirmed.

FACTUAL BACKGROUND[2]

On April 7, 2016, police officers detained R.S. at Crawford High School in response to a report that a nonstudent juvenile male was trespassing on campus. The officers took R.S. to the school's main office and questioned him. R.S. denied being on

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] This factual summary is drawn from the probation officer's social study of R.S., which was submitted to the juvenile court before the disposition hearing.

school grounds.  He also repeatedly refused to identify himself and was "very loud and rude."

Because R.S. did not cooperate with the officers, the officers attempted to place him under arrest.  As they did, R.S. "tensed up and clenched his fists and attempted to pull away."  He yelled, "Don't fucking touch me Blood, get your hands off me!"  R.S. struggled with the officers as they tried to subdue him.  Eventually, the officers handcuffed R.S.  One of the officers suffered a hairline fracture to his thumb during the struggle.  School administrators reported that, before the officers arrived, R.S. had identified himself by a fake name and falsely claimed that he was a student at the school.

About two months later, R.S. and a juvenile associate were inside a Starbucks at 67th Street and El Cajon Boulevard, watching a 70-year-old man as he left the coffee shop.  The man was carrying an iPhone 6.  R.S. and his associate nodded their heads in the man's direction and then followed him outside "as if they were stalking him."  R.S. and his associate then struck the man from behind in the back of his head.  R.S. hit the man, using a "modified 'superman' punch" whereby R.S. jumped up and brought his fist down onto the man's head.  The punch knocked the man to the ground, rendering him unconscious.  R.S. fled the scene, but witnesses detained his associate outside the coffee shop until the police arrived and arrested him.

Police caught R.S. later that day.  At the police station, R.S. at first denied punching the victim in the head, but later admitted to striking him.  He conceded that he attacked the victim to steal his iPhone.

DISCUSSION

At the disposition hearing, the juvenile court imposed, among others, the following probation conditions:  "Minor shall submit [his] person, property, or vehicle, and any property under [his] immediate custody or control to search at any time, with or without probable cause, with or without a search warrant, by any law enforcement officer or peace officers, probation officers, school officials or officers, and any other state security officers or agents engaged in the lawful performance of their duties [search condition]."  "The minor shall not knowingly be in any privately owned vehicle with more than one person the minor knows or reasonably should know is under the age of 18 unless accompanied by a parent or legal guardian, a responsible adult, or with permission of the probation officer [supervision condition]."  R.S. challenges these two conditions in the instant action.

A juvenile court "has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' [Citations.]"  (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*), citing *In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015; § 730, subd. (b).)  Any objection to the reasonableness of a probation condition is forfeited if not raised at the time of imposition.  (See *In re Justin S.* (2001) 93 Cal.App.4th 811, 814; *Sheena K.*, *supra*, at p. 883, fn. 4; *People v. Welch* (1993) 5 Cal.4th 228, 237.)  Constitutional challenges to probation conditions on their face, however, may be raised on appeal without objection in the court below.  (*Sheena K.*, *supra*, at pp. 887-889.)

4

"The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents" (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941), thereby occupying a "unique role . . . in caring for the minor's well-being." (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500.) " ' "[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Minors are deemed to be "more in need of guidance and supervision than adults," and "a minor's constitutional rights are more circumscribed." (*In re Antonio R.*, *supra*, at p. 941.) Nevertheless, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, at p. 890.) Consequently, conditions infringing on constitutional rights must be "tailored to fit the individual probationer." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373; see *Sheena K.*, *supra*, at p. 886.) The state interest for which the conditions must be narrowly tailored is the minor's rehabilitation. (*People v. Hackler* (1993) 13 Cal.App.4th 1049, 1058.)

R.S. acknowledges that he did not object in juvenile court to either of the conditions he now challenges. Generally, a failure to object below forfeits a challenge to a condition on appeal. (*In re Justin S.*, *supra*, 93 Cal.App.4th at p. 814.) However, R.S. argues the search condition is unconstitutionally overbroad and vague while the supervision condition is unconstitutionally vague. Because he is making facial challenges to the conditions, R.S. argues his claims of error raise pure questions of law

5

that should be reviewable by this court. (See *Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.)

In *Sheena K.*, the minor was placed on probation subject to the condition that she not "associate[] with anyone 'disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) On appeal, despite having not objected to the condition in juvenile court, the minor asserted that the condition was unconstitutionally vague and overbroad. (*Ibid.*) Noting that the challenge presented a pure question of law based on the face of the condition, our high court determined that the minor did not forfeit the challenge on appeal. (*Id*. at p. 889.) Addressing the claim on the merits, the court determined that absent a knowledge requirement, the condition was unconstitutionally vague. The court explained: " 'Because of the breadth of the probation officer's power to virtually preclude the minor's association with anyone,' defendant must be advised in advance whom she must avoid." (*Id.* at p. 890.) The Supreme Court revised the condition to specify that the probationer need avoid only those individuals " 'known to be disapproved of' by [the] probation officer." (*Id*. at p. 892.)

Like many appellants before him, R.S. cites to *Sheena K.* as the talisman to ward off forfeiture. In considering this issue, we are mindful of the California Supreme Court's advice in considering whether a challenge to a probation condition has been forfeited:

> "We caution, nonetheless, that our conclusion does not apply in every case in which a probation condition is challenged on a constitutional ground. As stated by the court in *Justin S.*, we do not conclude that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record

6

developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' (*Justin S.*, *supra*, 93 Cal.App.4th at p. 815, fn. 2.) We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

R.S. challenges the search condition as unconstitutionally vague and overbroad because it may encompass electronic devices.[3] We conclude that R.S. has forfeited his challenge.

A vagueness challenge is based on the "due process concept of 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Therefore, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)

R.S. insists the search condition is unconstitutionally vague because it does not provide him with sufficient notice of the types of property subject to search. Further, he

---

[3] Several cases addressing the constitutionality of electronics search probation conditions are currently pending review in the Supreme Court. (See, e.g., *In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923; *In re Patrick F.* (2015) 242 Cal.App.4th 104, review granted Feb. 17, 2016, S231428; *In re Alejandro R.* (2015) 243 Cal.App.4th 556, review granted March 9, 2016, S232240; *In re Mark C.* (2016) 244 Cal.App.4th 520, review granted April 13, 2016, S232849; *In re A.S.* (2016) 245 Cal.App.4th 758, review granted May 25, 2016, S233932; *In re J.E.* (2016) 1 Cal.App.5th 795, review granted Oct. 12, 2016, S236628; *People v. Nachbar* (2016) 3 Cal.App.5th 1122, review granted Dec. 14, 2016, S238210.)

is concerned that the search condition could be construed as granting a probation officer the right to search electronic media and personal data accessible on his electronic devices.

We believe this is a case in which traditional objection and forfeiture principles " ' "encourage development of the record and a proper exercise of discretion in the trial court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) To some extent, R.S. challenges a search condition that is "routinely imposed" on probationers. (*In re P.O.* (2016) 246 Cal.App.4th 288, 296.) However, R.S. attempts to create a facial constitutional challenge by claiming for the first time on appeal that the phrase "any property" might encompass electronic devices. Such a question should have been asked of the juvenile court, especially considering the unique facts of this case. One of R.S.'s offenses was striking an elderly man to steal his iPhone. The search condition requires him to submit "any property under [his] immediate custody or control to search at any time, with or without probable cause, with or without a search warrant." "Any" means "one, some, or all indiscriminately of whatever quantity." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 56.) "Property" is "something owned or possessed." (*Id.* at p. 996.) Clearly, an electronic device that R.S. owned or possessed would reasonably qualify as "any property" under the search condition. To ascertain whether an iPhone or other device in R.S.'s possession actually belongs to him, it logically follows that the probation officer should be permitted to inspect certain information on the device. If R.S. believed that the search condition does not or should not encompass electronic devices then he needed to object and/or seek clarification from the juvenile court. He did not do so. We do not believe this is the same situation as in *Sheena K*, *supra*, 40 Cal.4th 875 where the court

8

found forfeiture inappropriate. To the contrary, we find forfeiture appropriate here. "The purpose of the [forfeiture] rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected."[4] (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Where, as here, R.S. did not request clarification when given the opportunity and the condition imposed may not implicate a constitutional question, it is prudent to avoid unnecessary determination of constitutional issues. (*California Teachers Assn. v. Board of Trustees* (1977) 70 Cal.App.3d 431, 442 ["Generally, courts should not pass on constitutional questions when a judgment can be upheld on alternative, nonconstitutional grounds. Courts should follow a policy of judicial self-restraint and avoid unnecessary determination of constitutional issues."].) This is especially true where the issue of the constitutionality of electronics search probation conditions is currently pending review in the California Supreme Court.[5]

---

[4] R.S. also insists that the search condition is unconstitutionally vague because the term "search" is vague and overbroad. "Search" means "to look into or over carefully or thoroughly in an effort to find or discover something." (Merriam-Webster's Collegiate Dict., *supra,* p. 1120.) Within the context of the Fourth Amendment, the term "search" " 'implies some exploratory investigation or an invasion and a quest, a looking for or seeking out[.]' " (*Bielicki v. Superior Court* (1962) 57 Cal.2d 602, 605.) Moreover, search is a commonly used term in many probation conditions. R.S. arguing here that this term is vague underscores the degree in which he is attempting to manufacture a facial challenge to the search condition when there is no indication in the record that the issue was discussed or challenged below. To this extent, any party could claim to make a facial challenge to a probation condition to avoid forfeiture simply by claiming the terms in the subject condition are vague despite being commonly used. We think this stretches the forfeiture exception found in *Sheena K.*, *supra*, 40 Cal.4th 875 beyond its intended purpose.

[5] See footnote 3, *ante*.

R.S. next argues the search condition is unconstitutionally overbroad. "A probation condition may be 'overbroad' if in its reach it prohibits constitutionally protected conduct." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.) The essential question in an overbreadth challenge "is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Here, R.S. claims the search condition is overbroad because it impermissibly infringes on his right to privacy by allowing probation officers to search his electronic devices. R.S. buttresses his argument by noting that his crime was "wholly unrelated to electronic devices[.]" As R.S. himself points out, to evaluate his overbreadth claim, we need to consider his subject crime. Such an analysis does not present a pure question of law, but instead, requires a consideration of the record. Such contemplation of the record is precisely why the California Supreme Court emphasized the importance of raising constitutional challenges in the lower court to allow that court to consider the specific argument instead of asking the appellate court to address the issue in the first instance on a cold record. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Indeed, the record before us is particularly frigid as there is no indication that the parties discussed the search

10

condition whatsoever in the juvenile court. Under the unique facts of this case, forfeiture is appropriate.[6]

R.S. next contends that the supervision condition is unconstitutionally vague. Because he did not object to this condition in juvenile court, he has forfeited his challenge here. Nevertheless, we disagree that the phrase "responsible adult" as used in the supervision condition renders that condition unconstitutionally vague. An appellate court previously rejected a similar vagueness challenge to the phrase "responsible unrelated adult." (See *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 ["[I]t is clear this phrase refers to an adult responsible for the minor with whom the defendant wishes to associate."].) R.S. attempts to distinguish *Turner*, arguing in that case, the defendant had exposed himself to a three-year-old girl thus the court was concerned about protecting minors with whom the defendant wanted to associate. In contrast, R.S. emphasizes that his offenses did not involve a car or a minor.

However, R.S. overlooks the fact that he committed his robbery offense while with a juvenile associate. Thus, the juvenile court here was clearly concerned with whom R.S. associated. Therefore, it required that if R.S. traveled in a car with a minor that he be accompanied by "a parent or legal guardian, a responsible adult." In this context it is sufficiently clear that a "responsible adult" is an adult with a supervisory role, or one who is capable of taking responsibility for R.S. similar to that of a parent or legal guardian.

---

[6]     R.S. also relies on *Riley v. California* (2014) __ U.S. __ [134 S.Ct. 2473] to support his claim that the probation condition allowing the search of his phone or other electronic device violates his constitutionally protected privacy right. *Riley* concerned a Fourth Amendment issue and did not address the appropriate scope of a probation condition.

The court did not want R.S. to be driving around with another minor absent adult supervision when he has committed a violent crime when accompanied by one of his juvenile friends.

R.S.'s final argument addresses the juvenile court's failure to award him the precommitment custody credits. The People concede he is entitled to the custody credits.[7] The probation officer's social study indicates that R.S. has 62 days of custody credits. Neither party takes issue with this calculation. We therefore will modify the order to reflect 62 custody credits without remanding the case back to the juvenile court. (See *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1457-1458.)

---

[7] The People argue that R.S. forfeited this claim by failing to object in juvenile court. We exercise our discretion to consider this issue, noting that the People agree that the juvenile court should have awarded R.S. precommitment credits.

DISPOSITION

The August 5, 2016 juvenile court minute order is modified to reflect 62 days of custody credit to be credited against R.S.'s maximum period of physical confinement. The order is otherwise affirmed.

_____

HUFFMAN, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

HALLER, J.