RAPHAEL, J., Concurring and Dissenting.
*868 Can the State subject a probationer whose crime did not involve computers or the internet to warrantless, suspicionless searches of her cell phone and other electronic storage devices? Because United States Supreme Court precedent suggests that the Fourth Amendment requires reasonable suspicion for such searches, I dissent from Section IV of today's opinion. I join the other sections.
I.
The majority recognizes that "[t]here is no evidence that defendant's crimes involved computers or the internet." (Maj. opn., ante , at p. 26.) Nevertheless, the majority permits probation condition 39, which authorizes warrantless, suspicionless searches for digital information on defendant's cell phone or other electronic storage devices whenever requested by a probation officer or law enforcement. (Maj. opn. ante , at pp. 24-36.)
In general, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." ( In re Sheena K. (2007) 40 Cal.4th 875, 890, 55 Cal.Rptr.3d 716, 153 P.3d 282 ; see People v. Garcia (1993) 19 Cal.App.4th 97, 101-102, 23 Cal.Rptr.2d 340 ["Where a condition of probation requires a waiver of constitutional rights, the condition must be narrowly drawn."].)
The United States Supreme Court is the final arbiter of the scope of the rights under the Fourth Amendment to the United States Constitution. Three aspects of its case law, taken together, persuade me that the Fourth *1118 Amendment requires reasonable suspicion for a blanket condition authorizing electronic searches of a probationer's digital devices, at least where the probationer's crime did not involve computers or the internet. These are (1) the special protection afforded an individual's digital data, (2) the Court's application of the reasonable suspicion standard to probation searches, and (3) the Court's confirmation that probationers retain Fourth Amendment rights. Considering these together, I conclude that the condition authorizing suspicionless searches of defendant Sara Salcido's digital evidence is not narrowly drawn.
A.
First, in a landmark opinion interpreting the Fourth Amendment, the Supreme Court held that digital evidence from a cell phone receives categorically greater constitutional protection than does ordinary physical evidence. In Riley v. California (2014) 573 U.S. 373, 134 S.Ct. 2473, 189 L.Ed.2d 430 ( Riley ), the Court established that "[m]odern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." ( Riley , supra , at p. 393, 134 S.Ct. 2473 ; see id. ["[c]ell phones differ in both a quantitative and a qualitative sense from other objects that might be kept on an arrestee's person. ...... [M]any of these devices are in fact minicomputers that also happen to have the capacity to be used as a telephone. They could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers."].)
Whereas the interior of a citizen's home has long been the "prototyptical" area of Fourth Amendment protection ( Kyllo v. United States (2001) 533 U.S. 27, 34, 121 S.Ct. 2038, 150 L.Ed.2d 94 ), the Court in Riley observed that "a cell phone search would typically expose to the government *869 far more than the most exhaustive search of a house ...." ( Riley , supra , 573 U.S. at p. 396, 134 S.Ct. 2473.) Consequently, the court held that cell phones were an exception to the general rule that property on an arrestee's person may be searched incident to arrest without suspicion. That is, as to the digital evidence on a cell phone, the Supreme Court held that the search-incident-to-arrest exception to the warrant requirement does not apply. Before police can search a cell phone on an arrestee's person, they must "get a warrant." ( Id. at p. 403, 134 S.Ct. 2473.)
Today's majority "see[s] no relevant difference between an electronic search condition and any other search condition." (Maj. opn., ante , at pp. 863-64.) This is a misunderstanding of Riley 's central point: an electronic search condition is far more invasive to a subject's privacy than a search of an ordinary object. To be sure, a court may consider the invasiveness of a suspicionless electronic search and determine that the invasion is permissible *1119 in a particular context. But we must take seriously Riley 's special treatment of electronic search conditions. After Riley , I believe that a court cannot simply dismiss an electronic search condition as no different than other search conditions.
After recognizing Riley 's holding that electronic search conditions are particularly invasive, we must carefully consider whether it is the case that, as the majority concludes, defendant Sara Salcido "as a probationer, is in a materially different position than the arrestee in Riley. " (Maj. opn., ante , at p. 866.) Both a probationer and an arrestee have diminished Fourth Amendment interests. That is, Riley rejected a suspicionless search of an arrestee's phone even though an arrestee has "reduced privacy interests upon being taken into police custody." ( Riley , supra , 573 U.S. at p. 391, 134 S.Ct. 2473.) The Court nevertheless held that those "diminished privacy interests" did not mean "that the Fourth Amendment falls out of the picture entirely." ( Id. at p. 392, 134 S.Ct. 2473.) Like arrestees, probationers have lesser expectation of privacy than do other citizens, but it does not necessarily follow that the Fourth Amendment vanishes as to them. Riley 's heightened protection for digital searches may apply differently in different contexts, yet it still must be considered in each context rather than simply dismissing Riley as only a search-incident-to-arrest case. (See, e.g., Carpenter v. United States (2018) --- U.S. ----, 138 S.Ct. 2206, 2219-2220, 201 L.Ed.2d 507 [citing Riley in holding that the Fourth Amendment requires a warrant for the government to acquire a suspect's cell phone site information from third parties, despite no such requirement for standard business records]; United States v. Kolsuz (4th Cir. 2018) 890 F.3d 133, 144 [though routine border searches do not require suspicion, Riley requires that a border search of a cell phone is "permissible only on a showing of individualized suspicion"].)[1]
*870 The second important aspect of Supreme Court law is that the Court has never upheld a probation search or condition that permits authorities to search without any suspicion or cause. Rather, when it has upheld probation searches, the Court has relied on the fact that they have been supported by reasonable suspicion. ( *1120 Griffin v. Wisconsin (1987) 483 U.S. 868, 876, 107 S.Ct. 3164, 97 L.Ed.2d 709 [upholding probation search where "the special needs of Wisconsin's probation system make the warrant requirement impracticable and justify replacement of the standard of probable cause by 'reasonable grounds' as defined by the Wisconsin Supreme Court"]; United States v. Knights (2001) 534 U.S. 112, 121 & fn. 6, 122 S.Ct. 587, 151 L.Ed.2d 497 ( Knights ) [holding that "no more than reasonable suspicion" of criminal activity is required to search particular probationer's house and not reaching constitutionality of suspicionless search].) It is one thing to hold that probationers lose the protections of the Fourth Amendment's warrant and probable cause requirements; it is a further step to hold that-based solely on the fact that they are probationers-they may be subject to searches absent any suspicion. The Supreme Court has thus far not authorized that step in any context, much less with regard to digital evidence that it specially protected in Riley .
Finally, when the Supreme Court upheld a suspicionless search of a cigarette box in a parolee's pocket in Samson v. California (2006) 547 U.S. 843, 126 S.Ct. 2193, 165 L.Ed.2d 250 ( Samson ), it relied on a distinction between probation and parole. The Court held that on the "continuum" of state-imposed punishments, "parolees have fewer expectations of privacy than probationers." ( Id. at 850, 126 S.Ct. 2193.) Parole is additional punishment for a defendant who warranted incarceration making it "more akin to imprisonment than probation is to imprisonment." ( Ibid. )
Samson thereby suggested, without deciding, that a suspicionless search of even an ordinary object carried by a probationer, rather than a parolee, might not be permissible. That question is not at issue here, because this case presents yet a deeper intrusion into a probationer's Fourth Amendment rights, as the majority today holds that a suspicionless search of the contents of a probationer's digital storage devices is permissible as a blanket matter. Such data receives heightened protection under Riley . If every probationer can be made subject to such suspicionless searches for digital evidence on their cell phones and home computers, it is hard to see what would remain of the greater protection on the Fourth Amendment "continuum" that Samson afforded probationers. Consequently, it seems to me that current Supreme Court precedent indicates that probation condition 39 is unconstitutionally overbroad under the Fourth Amendment, insofar as it authorizes suspicionless searches rather than those based on reasonable suspicion.
B.
We are not bound by the constitutional law applied by federal courts of appeals, yet those courts also persuasively support the conclusion that the Fourth Amendment requires reasonable suspicion for a blanket digital search condition of a probationer.
*1121 Under federal law, "warrantless, suspicionless search conditions ... should not be routinely imposed." ( United States v. Cervantes (9th Cir. 2017) 859 F.3d 1175, 1184.) They may be imposed where particular facts justify the suspicionless search condition. ( Ibid. ) Accordingly, federal statutes do not contain a generally applicable condition authorizing suspicionless searches of federal probationers. (See 18 U.S.C. § 3563 ; 18 U.S.C. § 3583 [supervised release].)
*871 There is, however, one way to see how the federal appellate courts may approach a probation condition authorizing suspicionless digital searches. For federal sex offenders only, the United States Code contains a discretionary probation condition requiring that the defendant submit his person and property, including electronics, to a search at any time by law enforcement or probation officers. (See 18 U.S.C. § 3563(b)(23) ; 18 U.S.C. § 3583(d)(3) [supervised release].) That search condition, however, contains a reasonable suspicion requirement. (Ibid. )
When federal appellate courts across the nation have approved the imposition of the sex-offender electronic search condition post- Riley , they have expressly relied on the requirement of reasonable suspicion. ( United States v. Winston (8th Cir. 2017) 850 F.3d 377, 382 ["The search condition also is not excessive ... because it is limited to searches conducted in a reasonable manner at a reasonable time and only upon reasonable suspicion."]; United States v. Parisi (2d Cir. 2016) 821 F.3d 343, 348 ["the new search condition includes an outside constraint-Probation Services must have a reasonable suspicion that Parisi has violated a condition of his release or engaged in unlawful conduct before it engages in a search"]; United States v. Winding (5th Cir. 2016) 817 F.3d 910, 917 ["A warrantless search of Winding's electronic devices is permitted only 'upon reasonable suspicion' of lawbreaking, thereby subjecting Winding at most to intermittent searches (and perhaps none at all if there is never reasonable suspicion)"]; United States v. Kappes (7th Cir. 2015) 782 F.3d 828, 862 [relying on understanding that digital search "may only be done if the probation officer has reasonable suspicion to believe that Jurgens is in violation of a condition of supervised release"].)
Furthermore, in a post- Riley federal case, the Ninth Circuit Court of Appeals invalidated a suspicionless search of a California probationer's cell phone. ( United States v. Lara (9th Cir. 2016) 815 F.3d 605, 612.) In balancing the probationer's privacy interests against the government's interests, that court considered the principles articulated in Knights , Samson , and Riley . ( United States v. Lara , supra , at pp. 610-612.) On the particular facts, the court held that that although the defendant's Fourth Amendment privacy interest was "somewhat diminished," the interest "was nonetheless sufficiently substantial to protect him from the two cell phone searches at issue here." ( Id. at p. 612.) Although Lara involved a challenge to a particular search rather than *1122 a blanket condition, the fact that the search was held unconstitutional counsels against approving carte blanche to search, rather than requiring conditions tailored to a defendant's crimes or requiring reasonable suspicion.[2] *872 In my view, this federal appellate case authority supports the conclusion that blanket probation conditions authorizing suspicionless digital searches are unreasonable under the Fourth Amendment, at least where the probationer's offense does not involve the use of the internet or computers.
C.
Our Court of Appeal's case law is split as to the constitutionality of probation conditions that authorize digital searches. Because of the United States Supreme Court law discussed above, I would follow those authorities that find such conditions overbroad. (See People v. Valdivia (2017) 16 Cal.App.5th 1130, 1141-1147, 225 Cal.Rptr.3d 181, review granted, 228 Cal.Rptr.3d 653, 410 P.3d 397 (2018) ; In re P.O. (2016) 246 Cal.App.4th 288, 297-298, 200 Cal.Rptr.3d 841 ;[3] People v. Appleton (2016) 245 Cal.App.4th 717, 723-727, 199 Cal.Rptr.3d 637 [condition overbroad even where crime involved internet]; but see, e.g., *1123 People v. Nachbar (2016) 3 Cal.App.5th 1122, 1128-1130, 207 Cal.Rptr.3d 855, review granted, 211 Cal.Rptr.3d 98, 384 P.3d 1242 (2016) [electronic search condition not overbroad].) Having reached this conclusion, I would not reach the other challenges to the probation condition that Salcido raises.
II.
The majority appropriately recognizes that a probation search must not be "harassing, arbitrary, or capricious." (Maj. opn, ante , at p. 866.) But constitutional rights are not protected by an abstract principle. Once we have authorized warrantless, suspicionless searches of a probationer's cell phone and other digital devices, we have, at least as a practical matter, insulated harassing and arbitrary searches from review. And we have done so in an area-an individual's potentially vast reservoir of digital information-that the United States Supreme Court has instructed merits heightened protection from intrusion. Under the condition we affirm today, a probation officer (or a police officer) may thoroughly search defendant Salcido's cell phone and computers at any time for no articulable reason at all. That condition is not "closely tailor[ed]" to the legitimate purposes of monitoring her on probation or preventing her future crimes. ( *873 In re Sheena K. , supra , 40 Cal.4th at p. 890, 55 Cal.Rptr.3d 716, 153 P.3d 282.) It is overbroad.
A citizen not on probation cannot have her cell phone or computer searched absent probable cause and a warrant. It is reasonable to treat probationers differently due to their diminished rights. The U.S. Supreme Court has held that when an officer has "reasonable suspicion that a probationer ... is engaged in criminal activity, ... an intrusion on the probationer's significantly diminished privacy interests is reasonable." ( Knights , supra , 534 U.S. at p. 121, 122 S.Ct. 587.) Under what I think is the most appropriate application of the Fourth Amendment authorities we have, I would require that reasonable suspicion standard of blanket electronic search conditions, at least where the probationer's crime did not involve the internet or computers. A warrantless and suspicionless digital search could be based on some ground that is tailored to the probationer in advance, as part of the conditions of probation, or it could be based on reasonable suspicion that the probationer has committed a crime or other probation violation. But it should have some such articulable basis. Where digital evidence is concerned, we should ensure that "the Fourth Amendment [does not] fall[ ] out of the picture entirely." ( Riley , supra , 573 U.S. at 392, 134 S.Ct. 2473.)
Certified for Partial Publication.*

Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.

The majority relies on Riley 's statement that there may be "case-specific exceptions [that] justify a warrantless search of a particular phone" (Riley , supra , 573 U.S. at pp. 401-402, 134 S.Ct. 2473 ; see maj. opn., ante , at p. 866). That statement in Riley refers to exigencies such as a "fleeing suspect" (Riley , supra , at p. 402, 134 S.Ct. 2473 ) and does not apply to our consideration of whether a blanket suspicionless search condition of a probationer's electronic data is permissible. That is, the condition in this case is not a "case-specific exception" but a complete authorization to examine without limitation any electronic record, and an authorization that the prosecution apparently believes it could seek for any probationer. On a different record than this one, the Supreme Court's "case-specific exception" language and analysis may allow a suspicionless electronic search condition that is tailored to a particular defendant based on his or her crime or history.

The majority mixes the question of the reasonableness of the scope of a valid computer search with the question of whether a search is reasonable in the first place. (Maj. opn., ante , at p. 865, fn. 10.) As to the execution of search warrants for computers, cases have held warrants overbroad if they lack an affidavit presenting a "reasonable explanation" for the extent of the seizure of data. (See United States v. Hill (9th Cir. 2006) 459 F.3d 966, 975-977 [discussing cases].) Likewise, if a law enforcement officer has reasonable suspicion that particular evidence might be found on a probationer's computer or cell phone, the officer must merely act reasonably in pursuing that evidence. But a search would be unreasonable if there was no reasonable explanation for the extent of the officer's search. For instance, if an officer had suspicion that warranted reviewing the location history on a probationer's cell phone, it would not be reasonable to (for example) read personal text messages. If an officer had suspicion that a probationer set up a drug deal by text message the previous day, it would not be reasonable to read all his personal email, or to review his tax returns housed on his computer.

Cases involving minors subject to suspicionless probation search conditions are applicable here, in my view. The majority distinguishes such cases on the ground that a special rule requires tailoring of conditions imposed on minors. (Maj. opn., ante , at p. 866.) But when the Court of Appeal decided In re P.O. , for example, it did not rely on such a special rule but on the same privacy and overbreadth principles that would apply to an adult. (In re P.O. , supra , 246 Cal.App.4th at pp. 297-298, 200 Cal.Rptr.3d 841.) Generally speaking, courts have greater authority to impose probation conditions on minors, because minors lack the full constitutional rights of adults and are more in need of guidance. (E.g., In re Sheena K. , supra , 40 Cal.4th at p. 889, 55 Cal.Rptr.3d 716, 153 P.3d 282.) A case now under review by our Supreme Court-the lead case of several dealing with probationary digital search conditions-involves a minor, and the Court of Appeal there struck down the search condition even after articulating the principle that a condition not permitted for an adult may be permitted for a minor. (In re Ricardo P. (2016) 241 Cal.App.4th 676, 193 Cal.Rptr.3d 883, review granted, 198 Cal.Rptr.3d 499, 365 P.3d 343 (2016).) The majority's view here articulates an odd state of affairs that is the opposite of that principle: an adult probationer can be subject to a condition authorizing a suspicionless search of her cell phone at any time; a juvenile probationer is protected from such a condition.