Filed 7/28/21  P. v. Jenkins CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADAM D. JENKINS et al.,<br><br>    Defendants and Appellants. | B307455<br><br>(Los Angeles County Super. Ct. No. YA058696) |

THE COURT:

In 2005, Kevin Lewis and Adam D. Jenkins (collectively, defendants) were each convicted of first degree murder.  The jury found true the allegation against Lewis that in the commission of the murder a principal personally and intentionally used and discharged a firearm which caused the death of the victim, Leonard Gilmore; the allegation against Jenkins that he personally and intentionally used and

discharged a firearm, which caused the death of the victim; and the allegations that both defendants committed the murder for the benefit of a criminal street gang within the meaning of Penal Code section 186.22, subdivision (b)(1)(A).[1] Lewis was also convicted of attempted murder and shooting at an occupied vehicle (§ 246). The jury found true the allegation that in the commission of the attempted murder Lewis personally and intentionally used and discharged a firearm and that Lewis committed both offenses for the benefit of a criminal street gang. Lewis was sentenced to a term of 89 years to life in prison. Jenkins was sentenced to a term of 50 years to life in prison.

On direct appeal we struck the gang enhancements as unauthorized under section 12022.53, subdivision (e)(2), and otherwise affirmed the judgment against each defendant. (See *People v. Jenkins* (Sept. 28, 2006, B185379) [nonpub. opn.].)

In 2019, each defendant filed a form petition for resentencing under section 1170.95, alleging that he had been charged with murder, that he was not the actual killer, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," that he was not a major participant in the crime, and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The trial court permitted briefing by the prosecutor and defendants' respective counsel, heard argument, and found that neither Lewis nor Jenkins had made the necessary prima facie showing that he could not now be convicted as a direct aider and

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

abettor of the murder.  On August 27, 2020, the trial court denied both petitions without issuing an order to show cause. Each defendant filed a timely notice of appeal from the order.

Both appointed counsel for Lewis and appointed counsel for Jenkins filed a brief raising no issues.  Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief the appellate court is not required to conduct an independent review for arguable issues.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  Counsel for Jenkins asks that we exercise our discretion to conduct an independent review of the entire record for arguable issue on appeal as suggested in *People v. Gallo* (2020) 57 Cal.App.5th 594, 598, *People v. Flores* (2020) 54 Cal.App.5th 266, 269, and *People v. Allison* (2020) 55 Cal.App.5th 449, 456.

On April 5, 2021, we notified Jenkins of his counsel's brief and on May 4, 2021, we notified Lewis of his counsel's brief.  We gave each defendant leave to file, within 30 days, his own brief or letter setting forth any grounds for appeal, contentions, or arguments he might wish to have considered.  The allowed time has elapsed, and no such briefs or letters have been filed.  We decline review any contentions or arguments unless the defendant files his or her own supplemental brief or letter. (*People v. Cole, supra*, 52 Cal.App.5th at p. 1039.)

Because neither Jenkins, Lewis, nor appellate counsel has identified any issue warranting reversal, we dismiss the appeal as abandoned.  (*People v. Cole, supra*, 52 Cal.App.5th at p. 1040; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58

3

Cal.App.5th 1127, 1135, review granted Mar. 17, 2021, S266853.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.